USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/30/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
U.S. BANK NATIONAL ASSOCIATION (Successor:
To The Connecticut National Bank), Not in its         :
Individual Capacity but Solely As Owner Trustee       :
Under Certain Trust Agreements,                       :     Case No. 07 CIV 11131 (DLC)
                                                      :
            Plaintiff,                                :
                                                      :     **STIPULATED**
                                                      :     **CONFIDENTIALITY ORDER**
        - against -                                   :
                                                      :
                                                      :
SOUTHWEST AIRLINES CO.,                               :
                                                      :
            Defendant.                                :
------------------------------------------------------------- X


        WHEREAS, Plaintiff U.S. Bank National Association (Successor To The Connecticut

National Bank), not in its Individual Capacity but Solely As Owner Trustee Under Certain Trust

Agreements ("U.S. Bank") and Defendant Southwest Airlines Co. ("Southwest") are presently

engaged in discovery in the above-captioned matter;

        WHEREAS, the parties have agreed to this Stipulated Confidentiality Order

("Stipulation") to permit Plaintiff and Defendant to discover information deemed confidential

pursuant to procedures protecting the confidentiality of such information, and request that the

Court enter this Stipulation as an Order; now

        IT IS HEREBY STIPULATED AND AGREED as follows:

        1.      "Confidential Information," as used herein, means: information or documentation

that the designating party in good faith deems to contain personal information, proprietary

information, or non-public financial data.

{1286-001/00032283.DOCv2}

2.    "Highly Confidential Information," as used herein, means: any Confidential Information that the designating party in good faith deems to contain highly confidential information, including but not limited to trade secrets and/or highly sensitive commercial information, the public disclosure of which could cause competitive or other harm.

3.    A designating party shall designate discovery materials produced in the course of discovery as Confidential Information or Highly Confidential Information by marking or stamping such discovery materials where possible with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Any material produced during the course of this lawsuit may be used only for the purposes of this lawsuit.

4.    Pages of deposition testimony containing Confidential Information or Highly Confidential Information may also be designated as such by identifying such pages as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The designating parties shall have thirty (30) days from the date the final transcript of each deposition is first made available to the designating parties to designate pages of testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by service of written notice thereof to all parties to this lawsuit, unless otherwise agreed. Such designations may also be made during the course of the deposition by counsel in connection with specific subject matter. The parties shall treat each deposition transcript as "Confidential" or "Highly Confidential" during such thirty-day period.

5.    Confidential Information may be disclosed only as follows:

    (a)    Documents, material and/or information designated as "CONFIDENTIAL" may be disclosed to:

        (i)    The attorneys appearing in this action, including their firms and employees;

        (ii)    The parties' in-house counsel responsible for this matter, and such other persons regularly employed by the parties who are

involved in or consulted with respect to the preparation, trial or appeal of this action.

(iii)   Witnesses or potential witnesses in this action and their counsel;

(iv)   Any person that a document, on its face, indicates has previously seen, or has been sent the Confidential material, such as authors, drafters, recipients and copyholders of the documents or information;

(v)   Experts or consultants (including their employees, associates, support staff, and other persons retained by them for assistance) specifically retained by the parties for purposes relating to this action, subject to subparagraph (b), below;

(vi)   Outside vendors for the purpose of photocopying, printing, or performing similar clerical functions, but only for so long as necessary to perform those services;

(vii)   Any mediator(s) appointed by the Court or retained by the parties, persons employed by such mediator(s);

(viii)   The Court and any person employed by the Court whose duties require access to any information filed in connection with this action;

(ix)   Court reporters or videographers performing necessary duties in this action; and

(x)   Any other person only upon order of the Court or with the written consent of the producing party.

(b)   Any expert or consultant to whom delivery, exhibition or disclosure of any document, material and/or information designated as Confidential Information is made shall be advised of the terms of this Stipulation by counsel and no disclosure shall be made to any such person unless such person first agrees in writing to be subject to this Stipulation and agrees to comply with this paragraph 5, by executing an Undertaking in the form attached hereto as Exhibit A; and

(c)   Confidential Information may be disclosed by the parties or their counsel, as expressly provided herein, only to the extent counsel in good faith believes that such disclosure is reasonably necessary to the prosecution or defense of this litigation and shall not be otherwise disclosed, given, shown, discussed or otherwise divulged or communicated to any person.

6.     Highly Confidential Information may be disclosed only as follows:

    (a)     Documents, material and/or information designated as "HIGHLY CONFIDENTIAL" may be disclosed only to:

        (i)       The attorneys appearing in this action, including their firms and employees;

        (ii)      The parties' in-house counsel responsible for this matter;

        (iii)     Trial or deposition witnesses and their counsel, but only during the course of depositions or testimony in connection with this action;

        (iv)     Experts or consultants (including their employees, associates, support staff, and other persons retained by them for assistance) specifically retained by the parties for purposes relating to this action, subject to subparagraph (b), below;

        (v)      Outside vendors for the purpose of photocopying, printing, or performing similar clerical functions, but only for so long as necessary to perform those services;

        (vi)     Any mediator(s) appointed by the Court or retained by the parties, persons employed by such mediator(s);

        (vii)    The Court and any persons employed by the Court whose duties require access to any information filed in connection with this action;

        (viii)   Court reporters or videographers performing necessary duties in this action; and

        (ix)     Any other person only upon order of the Court or with the written consent of the producing party.

    (b)     Any person to whom delivery, exhibition or disclosure of any document, material and/or information designated as Highly Confidential Information is made shall be advised of the terms of this Stipulation by counsel and no disclosure shall be made to any such person unless such person first agrees in writing to be subject to this Stipulation and agrees to comply with this paragraph 6, by executing an Undertaking in the form attached hereto as Exhibit A; and

(c)    Highly Confidential Information may be disclosed by the parties' counsel, as expressly provided herein, only to the extent counsel in good faith believes that such disclosure is reasonably necessary to the prosecution or defense of this litigation and shall not be otherwise disclosed, given, shown, discussed or otherwise divulged or communicated to any person.

7.    For the purposes of this Stipulation, Owner Participant DaimlerChrysler Capital Services (debis) LLC ("Daimler Capital") shall be deemed a "party" to his lawsuit, such that references to a "party" or to "Plaintiff" shall include references to Daimler Capital.

8.    Before providing or showing any Confidential Information or Highly Confidential Information to any witness who is deposed or otherwise gives testimony in this case (and who is not otherwise entitled to see such information), counsel will inform counsel for that witness or, if that person is not represented, that witness, of the terms of this Stipulation and provide a copy of the Stipulation to that witness. No disclosure shall be made to any such person under paragraph 5(a) or 6(a) unless such person first agrees to be subject to this Stipulation and agrees to comply with paragraphs 5 or 6 as the case may be, by executing an Undertaking in the form attached hereto as Exhibit A.

9.    Should the need arise for any of the parties to disclose Confidential Information or Highly Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such Confidential Information or Highly Confidential Information. If counsel for any party files in or submits to this Court in any written format Confidential Information or Highly Confidential Information (or information derived therefrom), filing counsel shall file such information under seal pursuant to any procedures set forth by the Court.

10.    Nothing herein shall prevent any party who has received Confidential Information or Highly Confidential Information pursuant to this Order from producing such information in response to a lawful subpoena or other compulsory process; *provided*, that any party receiving such subpoena or process (i) shall, as soon as reasonably practical, and in any event prior to responding to the subpoena, give notice thereof to the designating party and the parties to this lawsuit by email or facsimile and shall furnish such party with a copy of the subpoena or other compulsory process, so as to afford such party a reasonable opportunity to seek a protective order; and (ii) if application for a protective order is made before the return date, shall not produce such information prior to receiving a Court order or the written consent of such party.

11.    The inadvertent production of Confidential Information or Highly Confidential Information shall not be deemed a waiver of the right to designate that information Confidential Information or Highly Confidential Information, and Plaintiff and Defendant expressly reserve the right to recall any Confidential Information or Highly Confidential Information that may be produced inadvertently without such designation.

12.    If a party learns that, by inadvertence or otherwise, it has disclosed Confidential Information or Highly Confidential Information to any person or in any circumstance not authorized under this Stipulation, the disclosing party shall immediately, and in no event more than ten (10) days from the date such disclosure is discovered, (a) notify in writing the designating party and the other parties to the lawsuit of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Information or Highly Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation, and (d) request such person or persons to execute the Undertaking that is attached hereto as Exhibit A.

{1286-001/00032283.DOCv2}                          6

13.    If Plaintiff or Defendant disagrees with any designation of Confidential Information or Highly Confidential Information pursuant to paragraph 3, counsel for the parties shall confer with one another in good faith and attempt to resolve the matter informally. If they are unable to do so, the party challenging the designation of Confidential Information or Highly Confidential Information may apply to the Court for a determination whether particular documents or other information should be treated as Confidential Information or Highly Confidential Information or whether the disclosure of the information shall be permitted. The information in question shall be treated as Confidential Information or Highly Confidential Information, subject to the terms of this Stipulation, until the Court rules upon the application.

14.    Extracts and summaries of Confidential Information or Highly Confidential Information shall also be treated as "Confidential" or "Highly Confidential" in accordance with the provisions of this Stipulation.

15.    This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under applicable law. This Stipulation may be amended by further Stipulation or, if the parties are unable to agree, by the Court on the application of a party.

16.    All Confidential Information or Highly Confidential Information in the possession of any person permitted access thereto by the terms of this Stipulation that was supplied during the course of litigation of this action, together with any and all copies, compilations, extracts or summaries thereof (other than attorney work product used in preparation for litigation) shall, within sixty (60) days after the final resolution of this case, either be returned to the Designating Party upon completion of this litigation, or, at the option of the Designating Party, destroyed with

proper certification of such destruction by the attorney of record for the destroying party, and the information contained in said documents shall not be used in any other judicial or other proceeding or for any other purpose.

17.    This Stipulation shall extend beyond the final conclusion of this litigation, and shall remain in full force and effect until modified, superseded, or terminated by written agreement of the parties. This Stipulation is limited to pretrial discovery between and among counsel and does not govern proceedings at trial or any other hearing or adjudication before the Court or a mediator.    This Stipulation does not restrict the disclosure or dissemination of information obtained legally from sources other than an opposing party in this lawsuit, does not contemplate return or destruction of documents filed publicly with the Court, and is subject to modification or dissolution by the Court upon notice to all counsel.  Nothing herein shall operate as a restriction on a Party as to the disclosure or dissemination of that Party's own Confidential Information or Highly Confidential Information.

18.    This Stipulation may be signed in counterparts and copies of this Stipulation

signed by counsel and transmitted by facsimile or email shall be deemed fully effective and

treated as the original.

HUGHES HUBBARD & REED LLP

By: _____
    Jeff H. Galloway
    Erik Bond
One Battery Park Plaza
New York, New York  10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726
galloway@hugheshubbard.com
bond@hugheshubbard.com

*Attorneys for Plaintiff U.S. Bank National
Association (Successor To The Connecticut
National Bank), Not in its Individual
Capacity but Solely As Owner Trustee
Under Certain Trust Agreements*

COHEN & GRESSER LLP

By: _____
    Mark S. Cohen
    Michael Tremonte
    Oliver S. Haker
100 Park Avenue, 23rd Floor
New York, New York  10017
Telephone:  (212) 757-7600
Facsimile:  (212) 957-4514
mcohen@cohengresser.com
mtremonte@cohengresser.com
ohaker@cohengresser.com

*Attorneys for Defendant Southwest
Airlines Company*

SO ORDERED this _____ day of _____, 2008.

_____
United States District Court Judge

(1285-001/00032283.DOCv2)

This stipulation binds the parties to treat as confidential the documents so classified. **The Court,** however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding **as** to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review. Moreover, **the** Court does **NOT** so order ___¶ 9___, **which** purports to authorize the parties to file documents under seal without a prior court order.

*[signature]*
June 30, 2008

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

U.S. BANK NATIONAL ASSOCIATION (Successor :
To The Connecticut National Bank), Not in its
Individual Capacity but Solely As Owner Trustee :
Under Certain Trust Agreements,         :   Case No. 07 CIV 11131 (DLC)

             :

        Plaintiff,        :

             :   **UNDERTAKING RELATED TO**
             :   **STIPULATED**
     - against -     :   **CONFIDENTIALITY ORDER**

             :

             :

SOUTHWEST AIRLINES CO.,       :

        Defendant.

------------------------------------------------------------- X

      I, [TYPE NAME IN], hereby declare, under the penalties of perjury, that:

      1.     My present address is _____.

      2.     My present employer is _____ and the address of my present employer

is _____ .

      3.     I have received a copy of the Stipulated Confidentiality Order ("Order") in the

above-captioned action, and I have carefully read and understand the terms thereof. I understand

that I am bound by the terms of the order and, if I violate the terms thereof, I may be subject to

sanctions or other punishment by the Court. I understand that my execution of this Undertaking

is a prerequisite to my receipt of any documents or information designated as "Confidential" or

"Highly Confidential" under the Order.

      4.     Except as permitted by the Order, I will hold in the strictest confidence and will

not disclose to anyone any "Confidential" or "Highly Confidential" documents or information, or

any copies, excerpts, summaries, abstracts or indices thereof, and will use such documents and

{1286-001/00032283.DOCv2}

information only for purposes of assisting in, preparing for testimony or formulating opinions in this case and for no other purpose.

5.     I will maintain all "Confidential" and "Highly Confidential" documents or information which I may receive, as well as any copies, excerpts, summaries, abstracts or indices thereof, in a secure and safe area and will exercise at least the same standard of due and proper care with respect to the storage, custody, use and dissemination of such information as I exercise with respect to my own confidential information. Within 30 business days after I am notified that this action has been finally terminated, I will return all such documents or information to the attorney from whom I received such documents or information.

6.     I hereby submit to the jurisdiction of this Court for appropriate proceedings in the event of any violation or alleged violation of the order.

Signed under the penalties of perjury.

Date:_____             _____
                                  [TYPE NAME IN]

{1286-001/00032283.DOCv2}